UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **IN RE: BENICAR (OLMESARTAN) PRODUCTS LIABILITY LITIGATION** <br><br> This document relates to: <br><br> Julia Jackson | MDL No. 2606 <br><br> Honorable Robert B. Kugler, District Court Judge <br><br> Honorable Joel Schneider, Magistrate Judge |

## SHORT FORM COMPLAINT

Plaintiff(s) file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint and Jury Demand in In re: Benicar (Olmesartan) Products Liability Litigation*, MDL 2606 in the United States District Court for the District of New Jersey, Camden Vicinage. Plaintiff(s) file this Short Form Complaint as permitted by Case Management Order No. 6 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint and Jury Demand*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

# IDENTIFICATION OF PARTIES

**Identification of Plaintiff(s)**

1.  Name and residence of individual injured due to use of *olmesartan* product(s):

Julia Jackson, Providence, Rhode Island

2.  Plaintiff(s) is/are a citizen of Rhode Island

3.  Consortium Claim(s): The following individual(s) allege damages for loss of consortium:

None

4.  Survival and/or Wrongful Death Claims:

    a.  Name and residence of Decedent Plaintiff when he/she suffered *olmesartan* product(s) related injuries and/or death:

N/A

5.  Plaintiff/Decedent was born on March 21, 1947.

6.  Plaintiff is filing this case in a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____.

Plaintiff(s) claims damages as a result of:

| | |
|---|---|
| __X__ | injury to herself/himself |
| _____ | injury to the person represented |
| _____ | wrongful death |
| _____ | survivorship action |
| __X__ | economic loss |
| _____ | loss of services |
| _____ | loss of consortium |

**Identification of Defendants**

7. Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following Defendant(s) (please check all that apply):

**Daiichi Sankyo Defendants:**

☒ Daiichi Sankyo, Inc.

☒ Daiichi Sankyo U.S. Holdings, Inc.

☒ Daiichi Sankyo Co., Ltd.

**Forest Defendants:**

☒ Forest Laboratories, LLC, f/k/a Forest Laboratories, Inc.

☒ Forest Pharmaceuticals, Inc.

☒ Forest Research Institute, Inc.

75739830.1                                                      3

**Additional Defendants:**

☐ Other(s) Defendant(s) (please specify):

# JURISDICTION & VENUE

**Jurisdiction:**

8. Jurisdiction in this Short Form Complaint is based on:

☒ Diversity of Citizenship

☐ Other (As set forth below, the basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure).

**Venue:**

9. District Court and Division in which remand and trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court:

United States District Court – District of Rhode Island

## CASE SPECIFIC FACTS

10. Plaintiff(s) currently reside(s) in (City, State):

Providence, Rhode Island                                                                    .

11. At the time of the Plaintiff's/Decedent's *olmesartan* product(s) injury, Plaintiff/Decedent resided in (City, State):

Providence, Rhode Island                                                                    .

12. Plaintiff/Decedent began using *olmesartan* product(s) as prescribed and indicated on or about the following date:

January 2008                                                                                .

13. Plaintiff/Decedent was prescribed and used the following *olmesartan* products

- ☒ BENICAR®
- ☐ BENICAR HCT®
- ☐ AZOR®
- ☐ TRIBENZOR®

14. As a result of ingesting *olmesartan* products, Plaintiff/Decedent suffered personal and economic injur(ies), including, but not limited to, the following:

Severe and debilitating intestinal and/or colonic disease manifestations known as olmesartan-associated enteropathy and/or lymphocytic colitis, microscopic colitis, or collagenous colitis, resulting in, but not limited to, severe and chronic diarrhea, abdominal pain, nausea, anorexia, bloating, electrolyte abnormalities including

significant hypokalemia, malnutrition and malabsorption, ileitis, duodenal mucosal changes, olmesartan-induced sprue and with villous atrophy and inflammation requiring emergency room treatment and hospitalization, surgical procedures of colonoscopy and endoscopy and other injuries, as well as pain and suffering, emotional distress and mental distress.

## CAUSES OF ACTION

15. Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

16. The following claims and allegations asserted in the *Master Long Form Complaint and Jury Demand* are herein adopted by Plaintiff(s):

- ☒ Count I: Products Liability – Design Defect (Strict Liability)
- ☒ Count II: Products Liability – Failure to Warn (Strict Liability)
- ☒ Count III: Gross Negligence
- ☒ Count IV: Negligence
- ☒ Count V: Negligence *per se*
- ☒ Count VI: Negligent Misrepresentation
- ☒ Count VII: Negligent Design
- ☒ Count VIII: Fraudulent Concealment
- ☒ Count IX: Constructive Fraud
- ☒ Count X: Fraud
- ☒ Count XI: Breach of Express Warranties

☒ Count XII: Breach of Implied Warranties

☒ Count XIII: Unjust Enrichment

☒ Count XIV: Violation of State Consumer Protection Laws of the State of Rhode Island.

☐ Count XV: Loss of Consortium

☐ Count XVI: Wrongful Death

☐ Count XVII: Survival Action

☒ Count XVIII: Punitive Damages

☐ Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) identified in paragraph four (4) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure.

_____

_____

_____

_____

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit,

75739830.1                                    7

and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint and Jury Demand as appropriate.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated:   February 27, 2017              Respectfully Submitted by,

                                            *s/Holly Dolejsi*
**ROBINS KAPLAN LLP**

Tara D. Sutton, Esq. (MN #023199X)
Gary L. Wilson, Esq. (MN #0179012)
Munir R. Meghjee, Esq. (MN #0301437)
Holly H. Dolejsi, Esq. (MN #0390110)
Rayna E. Kessler, Esq.(NJ # 3178-2010)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
612-349-8500

tsuttton@robinskaplan.com
gwilson@robinskaplan.com
mmeghjee@robinskaplan.com
hdolejsi@robinskaplan.com
rkessler@robinskaplan.com

**Attorneys for Plaintiff(s)**